CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
SEP 16 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

DONNA FOX BOLDIN,

            *Plaintiff,*

v.

ALISON WINGFIELD and
CECILEY HUSELIN,

            *Defendants.*

CIVIL NO. 6:10cv00010

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Defendants' Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (docket nos. 27 and 28). On September 2, 2010, the parties appeared before this Court on the instant motion. For the reasons stated herein, the Court will grant Defendants' motion without prejudice.

I. BACKGROUND AND FACTS

Plaintiff Donna Boldin, appearing *pro se*, has alleged that she was subject to illegal discriminatory treatment on the basis of race or disability. The relevant facts[1] are as follows: the Plaintiff is an African-American woman. She recently suffered a stroke and is disabled as a result. She and her daughter were the only African-American occupants of the building in which Plaintiff rented an apartment. At a hearing before this Court, Ms. Boldin acknowledged that the apartment unit consisted of one half of a duplex. The property owner, Rush Lifetime Homes, Inc. ("Rush Homes"), is the employer of Defendants. (Rush Homes is not a party to this action.)

---

[1] Unless otherwise stated, the facts have been adduced from the Complaint, Amended Complaint, and Second Amended Complaint. (docket nos. 3, 24, and 29).

1

The controversy in this case arose out of a dispute between the Plaintiff and her upstairs neighbor, who was white. At the September 2 hearing, Ms. Boldin acknowledged that the neighbor was also disabled. Plaintiff alleges that she made numerous complaints to Defendants to the effect that the neighbor made "excessive noise." Because of the noise, Ms. Boldin made what she terms a "reasonable accommodation" request to move to another apartment. Defendants have acknowledged that this request was denied. After Ms. Boldin's repeated complaints, Defendants took steps that ultimately resulted in the eviction of Ms. Boldin from the property.

Although Ms. Boldin's pleadings are not skillfully crafted, this Court has been solicitous of her claims because she is appearing *pro se*. *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant for the development of a potentially meritorious claim. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam). The Fourth Circuit has also noted that district courts "must be especially solicitous of civil rights plaintiffs." *Gordon,* 574 F.2d at 1151.

Plaintiff alleges that Defendants "subjected her to different terms and conditions because of race and handicap, refused to rent to her because of race and refused her request for a reasonable accommodation because of handicap." She further alleges that Defendants took steps to evict her because she "complain[ed] about the noise of a person of another race." Ms. Boldin's Amended Complaint cites "Section 504" and "42 U.S.C. and [*sic*] 3601" as bases for relief. In light of the foregoing, this Court construes Ms. Boldin's complaint as alleging discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." (quotations omitted)). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *see also Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). However, legal conclusions in the guise of factual allegations are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1950-51 (2009).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the alleged facts are "'merely consistent with' a defendant's liability, [the claim] 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). In deciding a Rule 12(b)(6) motion, a court must view the matter in context, drawing on common sense and experience. *Iqbal*, 129 S. Ct. at 1950. If the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged-but it has

3

not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (alteration in original).

## II. DISCUSSION

### a. Discrimination on the Basis of Disability

#### i. Fair Housing Act

The Fair Housing Act prohibits, *inter alia*, discrimination "in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of . . . handicap." 42 U.S.C. § 3604(f). Discrimination on the basis of handicap includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford . . . equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

The complaint, as amended, appears to allege that Ms. Boldin was evicted because of her disability. Yet in support of that claim, Ms. Boldin has merely alleged that she has a disability and that she was evicted. Standing alone, these facts do nothing to make the allegation of discrimination "plausible" as required by *Iqbal*. 129 S. Ct. at 1949. Indeed, viewed in context, Plaintiff's claim seems implausible. By her own admission, Ms. Boldin's noisy neighbor was also disabled. Her claim thus reduces to an assertion that, in a dispute between Ms. Boldin and another disabled person, Defendants agreed with the other disabled person.

Plaintiff's allegation that she was denied a reasonable accommodation is also without sufficient factual basis. The language of the Fair Housing Act links the provision of "reasonable accommodation" to the deprivation of "equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Therefore, to state a claim, the Plaintiff must allege some nexus

between the accommodation she sought and her disability. Ms. Boldin has merely alleged that she is disabled, and that Defendants refused to allow her to move.

### ii. Rehabilitation Act of 1973

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 provides that "[n]o otherwise qualified individual with a disability . . . shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." (emphasis added). In addition to claims based on disability, Ms. Boldin has alleged that she was subject to improper treatment because of race, and because of complaints she made to Defendants. She has therefore failed to state a claim of discrimination "solely by reason of . . . handicap" under 29 U.S.C. § 794.

Even if Ms. Boldin had properly alleged discrimination solely on the basis of handicap, her claim under the Rehabilitation Act would still not withstand Defendants' motion to dismiss for reasons substantially similar to those discussed in subpart (i) above.

### b. Discrimination on the Basis of Race

*Inter alia*, the Fair Housing Act makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race. . . ." 42 U.S.C. § 3604(b). Ms. Boldin alleges (1) that Defendants refused to rent to her because of race; and, (2) that Defendants evicted her because of race. The basis of Ms. Boldin's claim regarding Defendants' alleged refusal to rent is not clear from the pleadings. However, the allegation seems to be that the denial of Ms. Boldin's "reasonable accommodation" request to move to another apartment constituted an impermissible refusal to rent because of race.

5

Recent Supreme Court and Fourth Circuit decisions establish that in order to survive a motion to dismiss, a claim of racial discrimination must be supported by more than an allegation of harm and membership in a protected class. In *Iqbal*, the Supreme Court found that the respondent failed to state a claim for unlawful discrimination in a *Bivens* action. The complaint alleged, in relevant part, that the FBI, under direction of the petitioners, had detained thousands of Arab Muslims following the September 11 attacks. *Iqbal*, 129 S.Ct. at 1944. The complaint further alleged that the petitioners had actively supported the subjection of respondent to "harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" *Iqbal*, 129 S.Ct. at 1944. (citations omitted). The Court acknowledged that these allegations were "consistent with petitioners' [unlawful discrimination based on] race, religion or national origin" but ruled that the showing was insufficient to state a claim. *Iqbal*, 129 S.Ct. at 1951.

Similarly, in *Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009), the Fourth Circuit found that the plaintiffs had failed to state a claim of racial discrimination under 42 U.S.C. § 1981. The controversy arose when the mayor of Baltimore fired the city's police commissioner and two of his deputies. In a subsequent lawsuit, the commissioner and deputies alleged various causes of action, among which was a claim that the firing of two of the plaintiffs was racially motivated. In support of the claim, the plaintiffs alleged (1) that they were African-American; (2) that the defendants were white; and (3) that the defendants had never undertaken similar action against white members of the police department. Reasoning that these claims were "conclusory" and "nothing more than the sort of unadorned allegations of wrongdoing to which *Twombly* and *Iqbal* are directed," the Fourth Circuit concluded that the plaintiffs had raised no plausible claim for relief. *Francis*, 588 F.3d at 195.

In this case, Ms. Boldin has alleged that she is African American and that she was harmed – both by Defendants' refusal to rent, and by Defendants' efforts to evict her. Her claims therefore suffer from the same defect as the claims in *Iqbal* and *Francis*. Accepted as true, her allegations are consistent with discrimination, but they do not tend to make the claim of discrimination "plausible." *Iqbal*, 129 S.Ct. at 1949. Furthermore, given Ms. Boldin's landlord-tenant relationship with Rush Homes, the notion that Defendants refused to rent to her because of her race is dubious. At a hearing before this Court, and in her complaint, the Plaintiff has emphasized that she and her daughter were the only African American residents of her building. In a different context, the eviction of the only African American family might be some indication of discrimination. However, given that the building in question was a duplex, this fact does little to support Ms. Boldin's claim.

Because the factual allegations are insufficient for this Court to make a "reasonable inference" of Defendants' wrongdoing, as required by *Iqbal*, 129 S. Ct. at 1949, Ms. Boldin has failed to state a claim of racial discrimination under the Fair Housing Act.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss will be GRANTED without prejudice in an accompanying Order.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record and to the Plaintiff.

Entered this 16th day of September, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE